IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>iSun, Inc., *et al.*,<br><br>          Debtors.[1] | Chapter 11<br><br>Case No. 24-11144 (TMH)<br>(Jointly Administered) |
| Cedar Advance, LLC,<br><br>          Plaintiff,<br>v.<br><br>iSun, Inc., iSun Corporate, LLC, iSun Energy LLC, iSun Utility, LLC, Peck Electric Co., iSun Residential, Inc., iSun Industrial, LLC, Peck Mercury, Inc., SolarCommunities, Inc., Great Horn Financial Services, LLC,<br><br>          Defendants. | Adv. Proc. No. 24-_____ (____) |

**COMPLAINT OF CEDAR ADVANCE, LLC TO DETERMINE INTEREST IN PROPERTY AND SEEKING OTHER RELIEF**

Cedar Advance, LLC ("Cedar") by and through its undersigned counsel, for its Complaint to Determine Interest in Property and Seeking Other Relief (the "Complaint") against iSun, Inc., iSun Corporate, LLC, iSun Energy LLC, iSun Utility, LLC, iSun Residential, Inc., Peck Electric Co., iSun Industrial, LLC, Peck Mercury, Inc., Solar Communities, Inc., and Great Horn Financial Services, LLC (collectively, the "Defendants"), states as follows:

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) iSun, Inc. ("iSun") (0172) (ii) Hudson Solar Service, LLC ("Hudson") (1635); (iii) Hudson Valley Clean Energy, Inc. ("Hudson Valley") (8214); (iv) iSun Corporate, LLC ("iSun Corporate") (4391); (v) iSun Energy, LLC ("iSun Energy") (1676); (vi) iSun Industrial, LLC ("iSun Industrial") (4333); (vii) iSun Residential, Inc. ("iSun Residential") (3525); (viii) iSun Utility, LLC ("iSun Utility") (4411); (ix) Liberty Electric, Inc. ("Liberty") (8485); (x) Peck Electric Co. ("Peck") (5229); (xi) SolarCommunities, Inc. ("SolarCommunities") (7316); and (xii) Sun CSA 36, LLC ("Sun CSA"); (collectively referred to as the "Debtors"). The Debtors' mailing address is: 400 Avenue D, Suite 10 Williston, Vermont 05495, with copies to Gellert Seitz Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801.

1

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K), (O).

3. This adversary proceeding is brought pursuant to Fed. R. Bankr. P. 7001(2) and (9).

4. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because this is a proceeding relating to and arising under the Bankruptcy Code and the Debtors' Chapter 11 Cases.

5. Pursuant to Bankruptcy Rule 7008 and Local Rule 7008-1, Cedar consents to the entry of a final judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

6. Cedar Advance, LLC is a limited liability company formed under the laws of the State of Delaware.

7. Debtor iSun, Inc. is a Delaware corporation with a business address of 618 Brennan Woods Drive, Williston, Vermont 05495.

8. Debtor iSun Corporate, LLC is a Delaware limited liability company with a business address of 618 Brennan Woods Drive, Williston, Vermont 05495.

9. Debtor iSun Energy LLC is a Delaware limited liability company with a business address of 618 Brennan Woods Drive, Williston, Vermont 05495.

10. Debtor Peck Electric Co., is a Vermont Corporation with a business address of 618 Brennan Woods Drive, Williston, Vermont 05495.

11. Debtor iSun Industrial, LLC is a Delaware limited liability company with a business address at 400 Avenue D, Suite 210, Willison, Vermont 05495 and an additional address at 618 Brennan Woods Drive, Williston, Vermont 05495.

12. Debtor iSun Residential, Inc. is a Delaware corporation with a business address of 618 Brennan Woods Drive, Williston, Vermont 05495.

13. Peck Mercury, Inc. is a non-debtor Delaware corporation with a business address of 618 Brennan Woods Drive, Williston, Vermont 05495.

14. Debtor iSun Utility, LLC is a Delaware limited liability company with a business address of 618 Brennan Woods Drive, Williston, Vermont 05495.

15. Debtor SolarCommunities, Inc. is a Vermont corporation with a business address of 618 Brennan Woods Drive, Williston, Vermont 05495.

16. Great Horn Financial Services, LLC is a non-debtor Maryland limited liability company with a principal office at Suite 1004, 9515 Deereco Rd., Timonium, Maryland, 21093.

## BACKGROUND

17. On January 4, 2024, Cedar and the Defendants entered into the Standard Merchant Cash Advance Agreement (the "Agreement") under which they sold, assigned and transferred to Cedar $1,608,000 of Receivables, defined in the Agreement as all payments made by cash, check, credit or debit card, electronic transfer or other form of monetary payment in the ordinary course of Defendants' businesses for the payment of Defendants' sale of goods or services. A true and complete copy of the Agreement is attached hereto as **Exhibit A** and is incorporated herein by reference.

18. The Agreement sets forth a procedure for Cedar to obtain the Receivables sold to it by the Defendants under the Agreement.

19. The Defendants were required to designate a bank account in the Agreement into which all Receivables would be deposited. This bank account is defined in the Agreement as the "Account." Per the terms of the Agreement, Cedar was to have unfettered access to the Account, and the Defendants expressly agreed to be fiduciaries for Cedar and to hold the Receivables in trust for the benefit of Cedar in its capacity as a fiduciary for Cedar.

20. Cedar was to then debit the Initial Estimated Payment, defined in the Agreement as $40,200, or 5% of all Receivables deposited into the Account, on a weekly basis. The Initial Estimated Payment specified in the Agreements was meant to equal 5% of Receivables based upon historical revenue information provided by the Defendants to Cedar during due diligence. The Initial Estimated Payment was subject to a reconciliation procedure that is set forth in Paragraph 4 of the Agreement that would be conducted at the Defendants' request to ensure the amount debited equaled 5% of Receivables collected by the Defendants.

21. The debits of the Receivables were to continue as described so long as the Defendants were collecting Receivables and until the full amount of Receivables purchased by Cedar under the Agreement was collected. The Defendants' going out of business or not collecting Receivables in a given week is not an event of default under the Agreement. Instead, for an event of default to occur, it required, for example, action by the Defendants to deprive Cedar of access to the Account and/or not otherwise remitting the Specified Percentage of Receivables actually collected or that the Defendants made false representations to Cedar.

22. On June 3, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed with this Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their affairs as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

23. As of the Petition Date, the Defendants were still remitting the Receivables it sold to Cedar. There was no event of default under the Agreement pre-petition. It was not until after the bankruptcy case was filed that Cedar no longer had access to the Account, and Receivables stopped being remitted by the Defendants altogether. The filing of the bankruptcy case was not an event of default under the Agreement.

24. On June 21, 2024, Cedar objected [Docket No. 97] (the "Cash Collateral Objection") to the Debtors' motion for use of cash collateral [Docket No. 14] because the Receivables are not property of the Debtors or their estates. The Cash Collateral Objection is incorporated herein by reference.

25. To date, Cedar has not collected a total of $1,345,200 of Receivables it purchased from the Defendants.

**COUNT I- DECLARATORY JUDGMENT THAT THE RECEIVABLES SOLD, ASSIGNED, AND TRANSFERRED TO CEDAR BY THE DEFENDANTS ARE <u>NOT PROPERTY OF THE BANKRUPTCY ESTATES</u>**
**(as to all Defendants)**

26. Cedar incorporates by reference its previous allegations in this Complaint as though fully set forth herein.

27. Under the Agreement, the Defendants sold Receivables to Cedar. The Receivables sold to Cedar by the Defendants are accounts, as that term is defined in UCC § 9-102(2), because, among other reasons, they are a right to payment of a monetary obligation.

28. The transaction between the Defendants and Cedar are true sales and, as such, the Defendants retained no legal or equitable interest in the accounts it sold to Cedar under the Agreement. *See, e.g.,* UCC §9-318(a) and *In re R&J Pizza Corp.*, No. 14-43066-CEC, 2014 WL 12973408, at *2 (Bankr. E.D.N.Y. Oct. 14, 2014) (engaging in true sale analysis). A copy of this Opinion is attached hereto as **Exhibit B.**

29. The following factors, among other factors, demonstrate that the transaction evidenced by Agreement is a true sale:

   a. The language in the Agreement consistently refers to the transaction as a purchase and sale.

   b. Cedar has no recourse if the Defendants go out of business, experience a slowdown in business, or a delay in collecting Receivables. Such circumstances are not events of default under the Agreement.

   c. The Defendants have no right to repurchase the Receivables sold to Cedar under the Agreements.

   d. The Receivables were deposited into a trust account, and the Defendants were merely fiduciaries for Cedar for collection purposes. Cedar was to have unfettered access to the Receivables in the Account at all times.

30. As the Defendants retained no legal or equitable interest in the Receivables sold to Cedar because the transaction was a true sale, as demonstrated by the above factors and by provisions in the Agreement, the Receivables are not property of the Defendants or the Debtors' estates.

31. A present, justiciable controversy exists regarding whether the Receivables are property of the Defendants or the Debtors' estates.

32. Cedar is entitled to a declaration that the Receivables are Cedar's property.

33. This Court may grant the requested declaratory relief pursuant to 28 U.S.C. § 2201(a), and such relief is properly sought by adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7001(1), (2) and (9).

WHEREFORE, Cedar respectfully requests that this Honorable Court enter judgment declaring that the uncollected Receivables in the amount of $1,345,200 purchased by Cedar under the Agreement are not property of the estates and grant such other and further relief as this Court deems just and proper.

## COUNT II- BREACH OF FIDUCIARY DUTY
### (as to all Defendants)

34. Cedar incorporates by reference its previous allegations in this Complaint as though fully set forth herein.

35. Under the Agreement, the Defendants expressly agreed to be fiduciaries to Cedar, which includes the express duty in the Agreement to hold the Receivables in trust for the benefit of Cedar in the Defendants' capacity as fiduciaries for Cedar.

36. The Defendants have breached their fiduciary duties to Cedar by, among other things, failing to hold the Receivables in trust for the benefit of Cedar. Instead, the Defendants are utilizing the Receivables throughout the pendency of the Debtors' cases, despite Cedar's objection to use of cash collateral raising these issues.

37. The Debtors also sought authority from this Court to use cash collateral without disclosing to the Court that the Defendants had the duty to hold the Receivables in trust and that the Receivables had been sold pre-petition to Cedar.

38. Cedar has been injured by the breach because the Defendants have used the Receivables rather than hold them as required, making them now unavailable to Cedar and, based upon the current facts and circumstances of this case, likely unrecoverable.

WHEREFORE, Cedar respectfully requests that this Honorable Court enter judgment in its favor against the Defendants in the amount of $1,345,200 and grant such other and further relief as this Court deems just and proper.

## COUNT III- CONVERSION
### (as to all Defendants)

39. Cedar incorporates by reference its previous allegations in this Complaint as though fully set forth herein.

40. The Defendants sold Receivables to Cedar pre-petition, and, therefore, as previously outlined and per the terms of the Agreement, Cedar owns the Receivables.

41. The Defendants have asserted, contrary to Cedar's ownership and rights to the Receivables, that the Receivables are property of the estates.

42. The Defendants have used the Receivables Cedar purchased and owns without Cedar's consent, inconsistent with Cedar's property rights, and without notifying the Court of Cedar's interest in the Receivables in contravention of the trust agreement between the Defendants and Cedar.

43. Defendants have acted wrongfully and inconsistently with Cedar's property rights to the Receivables.

44. Cedar has demanded payment from the Defendants through payments to Cedar during the pendency of the Debtors' bankruptcy cases if approval is obtained from this Court. Cedar's demand has been refused.

45. Cedar has unquestionably been damaged by the Defendants' use and conversion of the Receivables Cedar owns.

WHEREFORE, Cedar respectfully requests that this Honorable Court enter a judgment in favor of Cedar and against the Defendants in the amount of $1,345,200 or, in the alternative, in the amount of the Receivables converted, and grant such other and further relief as this Court deems just and proper.

Dated: June 27, 2024

**A.M. SACCULLO LEGAL, LLC**
*/s/ Mary E. Augustine*
Mary Augustine (DE No. 4477)
27 Crimson King Drive
Bear, DE 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
Email: meg@saccullolegal.com

-and-

Shanna M. Kaminski (*pro hac vice* filed)
Kaminski Law PLLC
P.O. Box 247
Grass Lake, MI 49240
Telephone: (248) 462-7111
Email: skaminski@kaminskilawpllc.com

*Counsel to Cedar Advance, LLC*